# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

Terrance Morris, et al., )
                    Plaintiffs, )
vs. ) No. 05-0362-CV-W-FJG
Jarrett Lanpher, et al., )
                    Defendants. )

# ORDER

Pending before the Court are (1) Plaintiff's Motion in Limine (Doc. No. 73) and (2) Defendant's Motion in Limine (Doc. No. 78).

**I.    Plaintiff's Motion in Limine (Doc. No. 73)**

Plaintiff's Motion in Limine concerns a videotape made by Rosalind Morris. In the pretrial teleconference held on March 26, 2007, the parties represented to the Court that all issues regarding this motion have been resolved by the parties and that they no longer need Court intervention. Accordingly, plaintiff's Motion in Limine (Doc. No. 73) is **DENIED AS MOOT.**

**II.    Defendant's Motion in Limine (Doc. No. 78)**

Defendants move this Court to prohibit any party from introducing testimony or exhibits/documentary evidence regarding any of the subjects listed below, and further move the Court to instruct counsel not to mention, refer to, or attempt to convey to the jury in any manner any of the subjects listed below without first obtaining permission from the Court outside the presence/hearing of the jury.

    **1.    Other lawsuits against the Department or its officers**

Defendants state that to the extent that any defendant, or any other police officer, has been the subject of lawsuit that is unrelated to the facts and allegations in this case, such information is irrelevant." Rule 402 of the Federal Rules of Evidence. Further, defendants state that the probative value of this evidence is substantially outweighed by its prejudicial effect (potentially misleading the jury or confusing the issues). Rule 403 of

the Federal Rules of Evidence.

Plaintiffs state these issues are relevant to plaintiffs' claims against the members of the Board of Police Commissioners to demonstrate customs/policies/practices.[1]  Plaintiff also states that Rule 406 provides that evidence of habit or routine practice is relevant to prove conduct in conformity, and evidence of prior lawsuits are likely sources of such evidence.

In reply, defendants note that seeking to produce this evidence would create mini-trials on issues unrelated to the underlying litigation, which is irrelevant, a waste of time, and confusing.

After considering the parties' positions, the Court will **GRANT** defendant's motion in limine as to this issue.

### 2. Citizen complaints or discipline of police officers that are unrelated to this case

Defendants state that no defendant or other police officer was disciplined as a result of the incidents giving rise to plaintiffs' complaint.  Defendants state that to the extent any defendant or other police officer has been the subject of discipline or a citizens' complaint unrelated to the facts and allegations of this case, that information is irrelevant (Rule 402) or the probative value is substantially outweighed by the danger that such issues would confuse or mislead the jury (Rule 403).

Plaintiffs state that citizen complaints/discipline would be relevant to the claims in this case for the same reason that other lawsuits would be relevant.

Defendants state that this evidence should be barred as (1) improper impeachment, as Rule 608(b) of the Federal Rules of Evidence does not permit specific instances of conduct, for purposes of attacking a witness' character for truthfulness, to be proved

---

[1]Notably, summary judgment was granted as to the claims against the board members, as plaintiffs did not point to a policy, custom or practice, and failed to demonstrate that the Board had notice sufficient to demonstrate deliberate indifference.

through extrinsic evidence; (2) if the complaints were found to be unsustained, the alleged conduct is not relevant and should be excluded at trial; (3) if the complaints are over 10 years old, they are too remote in time to be relevant under Rule 402; and (4) if the evidence is as to non-defendant officers, it is not relevant and would be highly prejudicial.

After considering the parties' positions, the Court will **GRANT** defendant's motion in limine as to this issue.

### 3. Defendants' defense being covered by the Legal Expense Fund

Defendants argue that evidence that a defendant is insured against liability is inadmissible at trial pursuant to Rule 411 of the Federal Rules of Evidence, and although the Legal Expense Fund ("LEF") is not insurance, the rationale behind keeping information regarding insurance coverage from the jury applies equally to the admissibility of LEF coverage. Defendants also argue this information is not relevant in that it does not tend to prove a fact of consequence related to defendants' liability, and any probative value is substantially outweighed by the danger of unfair prejudice in that the jury may take LEF coverage information into consideration when assessing liability and damages.

Plaintiffs state that there is no compelling reason to hide defendants' indemnification from the jury, and that withholding this info could lead to bias in favor of protecting police officers based on the unfounded fear that each would pay the damages out of their family savings. Plaintiff notes, however, that "the leading 8th Circuit cases, Griffin v. Hilke, 804 F.2d 1052 (8th Cir. 1986) [and] Green v. Baron, 879 F.2d 305 (8th Cir. 1989); favor the Defendants' request in limine." Plaintiff further requests that if the Court grants defendants' motion in limine on this issue, the Court should "deem the limitation waived if Defendants make any suggestion intending to invoke sympathy or mislead the jury in regards to the impact of a finding of liability or a damage award."

Defendants note in reply that introduction of this issue would be prejudicial error. After considering the parties' positions, the Court will **GRANT** defendant's motion in limine

as to this issue.

### 4. Evidence of items recovered at the shooting victim's residence

Defendants note that a search executed on the victim's residence uncovered a variety of items, including weapons and drug paraphernalia. No evidence before the court indicates the victim was charged with crimes related to the items seized from his residence. Defendants state these items are not relevant and the evidence could confuse the jury.

Plaintiffs state these items are relevant to their claims regarding the probable cause statement, and defendants' failure to include the weapons and drugs found at the victims' residence should have been presented in the probable cause statement.[2]

In their reply (Doc. No. 86), defendants state that they "withdraw all pretrial objections to evidence of items recovered at shooting victim's residence." However, in defendant Hockemeier's recently filed Supplemental Motion in Limine (Doc. No. 93), Hockemeier renews his objection to this evidence, noting that the contents of the victim's house have no probative value as to whether Hockemeier used excessive force.

After considering the parties' positions, the Court will **GRANT** defendant's motion in limine as to this issue, noting in particular that plaintiffs' claims related to the probable cause statement are no longer at issue in this matter.

### 5. Evidence that plaintiffs were not charged or convicted of a crime relating to this case

Defendants note that plaintiffs have not brought a claim of malicious prosecution or denial of due process rights, and defendants state that the fact that plaintiffs were not charged with crimes does not tend to prove whether probable cause existed to search their residence. Further, defendants state that this evidence could unfairly prejudice defendant, confuse the jury, and mislead the jury to assign blame for lack of a criminal prosecution.

Plaintiffs state that "Defendants' investigation and what they knew or believed during

---

[2]Again, summary judgment has now been granted as to these claims.

4

that investigation is important evidence in this case. Defendants should conduct their business competently and professionally enough that it can withstand the light of day. Defendants fail to explain how the truth regarding the Plaintiff's obvious innocence would be so prejudicial to the Defendants."

In reply, defendants note that although Ricardo immediately presented an alibi, before Terrance (the remaining plaintiff) was cleared, the shooting victim refused to cooperate with the police investigation, causing officers to close their inquiry. Further, defendants note that plaintiff's claims for excessive force and battery relate to events occurring before the shooting investigation closed.

After considering the parties' positions, the Court finds that plaintiff may ask a limited question regarding whether or not plaintiff was arrested or charged in relation to this matter. Defendant may respond in an equally limited fashion.

**IT IS SO ORDERED.**

/s/Fernando J. Gaitan, Jr.
Chief United States District Judge

Dated:  3/27/07
Kansas City, Missouri

5