# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

Terrance Morris, )
                              Plaintiff, )
vs. ) No. 05-0362-CV-W-FJG
Mark Hockemeier, )
                             Defendant. )

**ORDER**

Pending before the Court are (1) Defendant's Supplemental Motion in Limine (Doc. No. 93); (2) Defendant's Motion to Strike Expert Designations and Reports of D.P. Van Blaricom (Doc. No. 100); and (3) Plaintiff's Motion to Strike Defendant's Motion to Strike Expert Designations (Doc. No. 116). Each will be considered below.

**I.    Defendant's Supplemental Motion in Limine (Doc. No. 93)**

Defendant Hockemeier asks, in light of the recent dismissal of most of the claims and parties, that the Court consider his supplemental motion in limine. He seeks exclusion of the following matters/issues:

    **1.    Information, documents, and statements relating to the Office of Community Complaints' (OCC) investigation of plaintiff's complaint related to this case.**

Defendant notes that no one from OCC is a defendant in this lawsuit, and Defendant Hockemeier did not have anything to do with the investigation (other than submitting a written statement). Further, defendant states that this evidence is more prejudicial than probative because "if the jury hears about an inadequate OCC investigation, they may unfairly hold it against Sgt. Hockemeier."

Plaintiff states the Court should deny defendant's request, as the statements in the OCC complaint file were taken close in time to the incident, and there is no reason to bar prior sworn statements of trial witnesses. Plaintiff also notes that the files contain Hockemeier's explanation of his rationale for the kick [failed attempt to do a brachial stun] at the time of the incident, and his explanation was a key factor in plaintiff's expert's

analysis and opinion.

Defendant replies that these statements are appropriate for impeachment purposes at trial, and can be used in that way as long as neither party makes reference to a prior investigation or complaint; however, because the witnesses who gave these statements will be testifying live at trial, using these statements as substantive evidence would be hearsay and duplicative.

The Court agrees with defendant that use of these statements as substantive evidence would be hearsay and duplicative, and that these statements only are appropriate for impeachment purposes; accordingly, defendant's motion is **GRANTED.**

**2. Information, documents, and statements related to plaintiff's mother's citizen complaint to OCC.**

Defendant notes that Rosalind Morris was dismissed as a plaintiff by this Court's order (Doc. No. 90). Defendant states that Ms. Morris' OCC complaint, including OCC's investigation, is not relevant to plaintiff's excessive force and battery claims (as Ms. Morris' complaint focused on property damage to her house). To the extent it is relevant, defendant states it is more prejudicial than probative and should be excluded at trial.

Plaintiff states the Court should deny defendant's request, for the same reasons as Issue I. Plaintiff states his "ability to present [his] case in chief would be unduly hindered by having statements from the Complaint file barred, and the concerns expressed by Defendant on this topic are easily addressed by other means available to the Court to prevent improper argument on matters not tried." Defendant replies that he does not object to Ms. Morris's statement to be used for impeachment purposes without reference to her prior complaint. Defendant further notes that her statements related to alleged property damage are not relevant.

The Court agrees with defendant that these statements should not be presented as substantive evidence and only are appropriate for impeachment purposes. Further, statements with regard to property damage are not relevant to the issues remaining in this

2

case. Defendant's motion in limine is **GRANTED** as to this issue.

### 3. Statements related to alleged false representations made by Detective Lanpher in his warrant application to search plaintiff's home.

Defendant notes that Lanpher is no longer a defendant, and the Court found that the search warrant application "sufficiently demonstrated probable cause." Doc. No. 90 at 11. Accordingly, defendant states allegations of false statements in the warrant application should be excluded. Plaintiff does not directly oppose this request; however, requests the Court bar "any evidence or argument for or against the truthfulness of the representations in the warrant application." Defendant replies that he agrees that the parties should not retry the issue regarding the search warrant claim against Det. Lanpher. However, to the extent that the "representations" encompass facts and circumstances supporting an objectively reasonable use of force, defendant objects to any limitations regarding these "representations."

The Court requested supplemental briefs from the parties regarding this issue, focusing on what evidence related to the search warrant application process they intend to introduce at trial. See Doc. No. 120. Defendant's supplemental brief indicates that he plans to introduce certain language from the search warrant application (see Doc. No. 128, pp. 1-2), as well as the warrant in its entirety. Defendant also states that he intends to introduce other evidence related to the search warrant applications process: (1) the shooting victim identified the shooting suspects by nicknames, "Dink" and "Mont"; (2) a computer check was run on the nicknames, wherein a physical description (race, height, weight, eye/hair color, age) of "Dink" and "Mont" was obtained; and (3) a computer check verified the residence of "Dink" and "Mont." Plaintiff's supplemental brief does not indicate that he plans to introduce any evidence from the search warrant application process; instead, plaintiff states that defendant's description of the search warrant briefing during the complaint investigation "does not support that he read the affidavit/application for the search warrant or that he had detailed identifying information on Terrance and Ricardo

Morris." See Doc. No. 133.[1]

After considering the information provided by the parties, the Court finds that defendant's motion in limine should be **GRANTED** as to this issue, and the information contained in the warrant application should not be considered for its truth or falsity. To the extent that defendant's counsel wishes to utilize the information identified in its supplemental brief (Doc. No. 128) at trial, defendant's counsel shall seek permission from the Court before attempting to present this evidence.

**4. Information, documents, and statements relating to firearms and evidence of drug dealing found in shooting victim's home.**

This issue is now moot, given the Court's March 27, 2007 Order on the previous motions in limine (Doc. No. 112). Further, although plaintiff suggests that the Court should also "bar any evidence or argument by the Defendant to suggest that he was unduly fearful of Plaintiff because of information he learned prior to the execution of the warrant," the Court agrees with defendant that to the extent that evidence or argument that defendant was "unduly fearful" encompasses the facts and circumstances supporting an objectively reasonable use of force, such evidence will be permitted. To the extent that any of that evidence is implicated by the Court's previous orders on motions in limine, defendant's counsel shall seek permission from the Court before attempting to present this evidence.

**5. Information, documents, and statements relating to the shooting victim's roommate fleeing from police, and subsequent arrest.**

Defendant states that this information has no probative value as to whether Hockemeier used excessive force, and the evidence would waste time, confuse the jury, and should be excluded. Plaintiff does not directly oppose this request; however, plaintiff states that any order of the court should also "bar any evidence or argument by the

---

[1] After reviewing the exhibit attached to Doc. No. 133, however, the Court cannot say that the statement supports the proposition that defendant did not read the affidavit/application for search warrant.

4

Defendant to suggest that he was unduly fearful of Plaintiff because of information he learned prior to the execution of the warrant." Again, the Court agrees with defendant that to the extent that evidence or argument that defendant was "unduly fearful" encompasses the facts and circumstances supporting an objectively reasonable use of force, such evidence will be permitted. To the extent that any of that evidence is implicated by the Court's previous orders on motions in limine, defendant's counsel shall seek permission from the Court before attempting to present this evidence.

> **6. Statements relating to plaintiff's dismissed claims of illegal application for search warrant, failure to supervise, illegal exclusion of search warrant, and all dismissed claims against the Board of Police Commissioners.**

Defendant states that all these claims have been resolved, and should not be presented to the jury (and plaintiff should not imply these claims have not been legally resolved). Plaintiff states he does not oppose limitation on the dismissed claims with the exception of one area: defendant Hockemeier should not be allowed "to try to explain his attempt to use a steel-toed boot to do a brachial nerve strike on a passively resistant arrestee by suggesting that KCPD policy or training led him to believe that it was a proper technique." Defendant replies that this may leave him without a means to refute plaintiff's expert, who intends to present evidence that this technique was improper. Further, defendant objects to any limitation on evidence or argument that encompasses the facts and circumstances supporting an objectively reasonable use of force.

The Court finds that defendant's motion in limine should be **GRANTED** as to this issue. Further, plaintiff's suggestion that defendant ought to not attempt to explain his actions on KCPD policy or training is **DENIED.** Although plaintiff failed to point to KCPD policy/training that supported the use of a brachial stun technique done in the manner performed by defendant (and thus summary judgment was granted), that does not mean that defendant could not believe that his actions were reasonable given the general

5

policies/training he received from the KCPD.

## II. Defendant's Motion to Strike Expert Designations and Reports of D.P. Van Blaricom (Doc. No. 100); and Plaintiff's Motion to Strike Defendant's Motion to Strike Expert Designations (Doc. No. 116)

As a preliminary matter, plaintiff's motion to strike defendant's motion (Doc. No. 116) as untimely will be **DENIED**, as this Court will not abdicate its gatekeeper responsibilities in considering whether the proposed expert testimony ought to be permitted.

Defendant moves to strike Van Blaricom's proposed expert testimony as it contains legal conclusions that are not helpful to the fact finder. See Hogan v. American Tel. & Tel. Co., 812 F.2d 409, 411 (8th Cir. 1987). Defendant also notes that the section of the report addressing the OCC investigation is not relevant. Further, defendant states that the report does not pass Daubert scrutiny as Van Blaricom does not identify any methodology used in reaching his opinion.

In certain fields (such as police behavior), an expert may rely on his experience in making his conclusions. See Thomas v. City of Chattanooga, 398 F.3d 426, 432 (6th Cir. 2005). However, the Court cannot stop its inquiry after simply reviewing the proposed expert's curriculum vitae; instead, "[i]f the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached . . . and how that experience is reliably applied to the facts. The trial court's gatekeeping function requires more than simply 'taking the expert's word for it.'" Id. (citing Fed. R. Evid. 702 advisory committee's note). See also Baldauf v. Davidson, 2006 WL 3743819 *2 (S.D. Ind. 2006) (finding that Courts should look at the expert's experience, whether the opinions are derived from the experience, and how the expert's area of special knowledge or expertise led to his opinions); Cerbelli v. City of New York, 2006 WL 2792755 *2 (E.D. N.Y. 2006) (citing Thomas, 398 F.3d at 432); Lanman v. Hinson, 448 F.Supp.2d 844, 856 (W.D. Mich. 2006) (citing Thomas).

Here, the Court has reviewed Van Blaricom's report, and can find no explanation or

6

methodology as to how the proposed expert's experience leads to the conclusions he has reached. Instead, the relevant section of the report (¶ 7)[2] provides a brief recitation of the facts in a light favorable to plaintiff, quotations from the PPCT Defensive Tactics Manual, and impermissible legal conclusions. This testimony is not helpful to the finder of fact; therefore, defendant's motion to strike (Doc. No. 100) is **GRANTED.** D.P. Van Blaricom is precluded from testifying at trial.

**IT IS SO ORDERED.**

/s/ FERNANDO J. GAITAN, JR.
Fernando J. Gaitan, Jr.
Chief United States District Judge

Dated: 4/4/07 .
Kansas City, Missouri.

---

[2] The Court further agrees with defendant that ¶ 8 of the proposed expert's report is irrelevant to the issues remaining for trial.