# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| Terrance Morris, | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 05-0362-CV-W-FJG |
| | ) |
| Mark Hockemeier, | ) |
| Defendant. | ) |

## ORDER

Pending before the Court are (1) Plaintiff's Motion to Correct Errors (Doc. No. 155); and (2) Defendant's Second Motion to Strike Expert Designation and Report of D.P. Van Blaricom (Doc. No. 151). Both will be considered below.

**I.  Plaintiff's Motion to Correct Errors (Doc. No. 155)**

Plaintiff made several typographical errors in his original response in opposition to the motion to strike his expert (Doc. No. 152, filed on June 12, 2007). Plaintiff seeks leave to file an amended response that corrects the errors identified by plaintiff's counsel. Defendant has filed opposition to this motion (Doc. No. 156), stating that there is a substantive change that plaintiff made, the addition of a specific citation to plaintiff's expert's amended report at footnote 9. Defendant states that, as defendant has already filed a reply to his motion to strike plaintiff's experts, if plaintiff is permitted to make this substantive change, defendant should be allowed leave to file an amended reply.

After reviewing plaintiff's motion, proposed amended brief, and defendant's response to this motion, the Court finds that the change made by plaintiff to footnote 9 is not particularly substantive at all, and defendant will not be prejudiced if the Court grants the

present motion to correct errors. Therefore, plaintiff's motion (Doc. No. 155) is **GRANTED**, and the Court will treat the proposed amended pleading (Exhibit 1 to Doc. No. 155) as the properly filed response to defendant's second motion to strike plaintiff's expert.

II. **Defendant's Second Motion to Strike Expert Designation and Report of D.P. Van Blaricom (Doc. No. 151)**

Defendant moves to strike plaintiff's expert, D.P. Van Blaricom. Defendant states that Van Blaricom's report remains unreliable, for the same reasons as stated in the Court's previous Order (Doc. No. 139). In particular, defendant notes that if a witness is relying on experience, the witness must explain how that experience leads to the conclusion reached and how that experience is reliably applied to the facts. See Order, Doc. No. 139, and cases cited therein. In the current report, Van Blaricom makes the same legal conclusions as in the previous report which were found to be impermissible pursuant to the Court's previous Order (Doc. No. 139).

Defendant first notes that Van Blaricom fails to explain how his experience led to his conclusions. Instead, Van Blaricom adds a few new paragraphs to his report, apparently in an attempt to comport his report to the standards set out by the Court in its previous Order. These paragraphs state, in full:

> 7. The procedure that I employed, for reviewing documents in this matter, was to objectively evaluate the totality of circumstances from the record and apply my training and experience in police practices to evaluate Sergeant Hockemeier's actions relating to plaintiff.
>
> 8. Where there are disputed facts, I do not attempt to assess the credibility of witnesses and/or credit one side over the other, as those issues remain to be determined by the fact finder.
>
> 9. Any police practices expert, however, has to ultimately assess whether a given level of force is reasonable under a particular fact

> pattern and, to do so, must consider:
>
> a. The accepted standard of care for use of force, as established by federal court decisions and the practices established therefrom;
>
> b. The policies, procedures and training of the KCPD;
>
> c. The officer's explanation of why a particular method of force was used.

Doc. No. 151, Ex. 2, p. 4. Van Blaricom also states, as he did in his original expert report, that "My use of certain terms (i.e. – *"reasonable suspicion", "probable cause", "objectively reasonable", "deliberately indifferent", "ratification",* etc.) merely reflects my training, in applying reasonable standards of care to officers' conduct, and does not presume or imply a statement of any legal opinion." Id. at ¶ 10. Defendant concludes that these "assurances of reliability, along with [Van Blaricom's] legal conclusions and list of qualifications are not enough" to satisfy the requirements of the Federal Rules of Evidence or this Court's previous orders. Doc. No. 151, p. 6.

Plaintiff responds that the expert report meets the requirements of Rule 702 of the Federal Rules of Evidence, and this testimony is "crucial to Plaintiff presenting his case to the jury." Plaintiff asserts that Van Blaricom has produced a report based on reliable principles and methods. Plaintiff states that, in its previous Order, the Court wanted "more explanation regarding Mr. Van Blaricom's experience or a clearer discussion of methodology," and therefore Van Blaricom added statements regarding applying his

3

training and experience[1], and the methodology he employed.[2] Plaintiff further argues that the same methodology and principles that Van Blaricom uses are "practiced every day by the best law enforcement administrators" and "some of them would also qualify to testify as an expert in a 42 U.S.C. § 1983 police misconduct case."

The problem with plaintiff's argument is that this Court cannot tell from the Van Blaricom's report what methodology or principles were used at arriving at his conclusions. This is because Van Blaricom has failed to provide an explanation or link between his experience and the conclusions he has reached. See Thomas v. City of Chattanooga, 398 F.3d 426, 432 (6th Cir. 2005). From the information contained in the report, the Court cannot tell if Van Blaricom has any experience whatsoever with the brachial stun technique; instead, all the Court can tell is that Van Blaricom reviewed the information provided in one training manual about this technique and reached a conclusion about the officer's actions. The Court cannot tell if Van Blaricom had any policies in place regarding the brachial stun technique when he was chief of police, whether he disciplined any officers for utilizing this technique improperly, or any other information connecting his experience with the conclusions he has drawn for this litigation. The Court further agrees with defendant that paragraphs 7-10 of the amended report amount to no more than the proposed expert's assurances of reliability, which are simply insufficient to demonstrate that his opinions are in fact reliable. As noted in the Court's previous Order striking Van Blaricom's testimony

---

[1] The statements cited by plaintiff with respect to this issue are not new to the amended expert report; instead, they were found in both the original (stricken) report and the amended report. See Doc. No. 151, Ex. A, 2:18-3:23 and Ex. B, 3:5-4:2.

[2] Doc. No. 151, Ex. B, ¶¶ 7-10.

(Doc. No. 139), the expert's report does not provide testimony that is helpful to the finder of fact, and ought to be stricken.

Further, the Court notes that the remainder of defendant's arguments in its motion to strike have merit as well. Plaintiff's expert relies on the PPCT Defensive Tactics Instructor Manual, which defendant states is not relevant or reliable in that there is no evidence that defendant was ever instructed on or knew about the PPCT Manual (either the student or instructor edition), and there is no evidence that the KCPD provided defendant training on the brachial stun technique based on the manual. Further, Van Blaricom does not establish within his report that the PPCT Manual is the type of authority reasonably relied upon by experts in the field, and thus the PPCT Manual may be hearsay. Based on the record before it, the Court finds that plaintiff has failed to sufficiently demonstrate the relevance of the PPCT Defensive Tactics Instructor Manual to this litigation, and therefore any reference made to the same in Van Blaricom's report must be stricken.

Further, Van Blaricom's credibility is called into substantial question based on some of the new evidentiary support for his legal conclusions that he added to the amended report. Van Blaricom misrepresents/misquotes language from the KCPD Use of Force Procedural Instruction and Sgt. Charles Huth's deposition testimony. In particular, with respect to the KCPD Use of Force Procedural Instruction, Van Blaricom states the KCPD "specifically prohibits a 'strike' to the head 'in order to gain or maintain control or compliance.'" (Ex. B. to Doc. No. 151, ¶ 11(b)). However, the complete statement from the KCPD Instruction reads, "Officers are not to strike anyone in the head <u>with a weapon (e.g. baton, shotgun, handgun, etc.)</u> in order to gain or maintain control or compliance."

5

(Ex. C to Doc. No. 151, Instruction 01-3)(emphasis added). As there is no evidence a weapon was used in this case, defendant states this KCPD Instruction is inapplicable. Further, defendant states that even if defendant had used a weapon, this would only demonstrate that defendant had violated a policy, not that he had used excessive force.

Defendant notes similar misrepresentations made with regard to Sgt. Huth's testimony. Van Blaricom states that Huth said "we wouldn't use a hard object as in a baton or something to strike someone [in the brachial plexus area]." See Doc. No. 151, Ex. B, ¶ 11(c). However, Huth's actual testimony was "we wouldn't use a hard object as in a baton or something to strike someone there, unless as I said before, you're at the level where serious physical injury was present or likelihood of death or potential death." Doc. No. 151, Ex. D, Deposition of Huth, 28:3-7.[3] As noted by defendant, Huth's testimony actually contradicts the findings made by Van Blaricom that the brachial stun technique should never be done with a hard object or baton. Conclusions based on misrepresented testimony and policy statements are not helpful to the finder of fact, and thus, these ought to be stricken as well.

Finally, defendant notes that Van Blaricom's report makes the same legal conclusions that were found to be impermissible by the Court's original Order striking Van Blaricom's report: "Sgt. Hockemeier's injurious kick to Terrance's mouth was an objectively unreasonable use of excessive force" and "such force was objectively unreasonable and excessive." See Doc. No. 151, Ex. B, ¶¶ 11 and 11(i). Defendant states that nothing in the

---

[3]Defendant notes that Huth also testified that, although the brachial stun technique is typically done with a forearm or hand in an ideal situation, "modifications may have to occur based on the suspect's position or number of other variables that could occur." Ex. D to Doc. No. 151, 27:4-12.

6

amended report makes these legal conclusions (which are the same, word for word, as what were included in the original report) admissible.

Plaintiff argues that defendant's "legal conclusions" argument goes to form, not substance, noting that Rule 704(a) of the Federal Rules of Evidence provides that experts can provide an opinion that "embraces an ultimate issue to be decided by the trier of fact." Plaintiff also notes that Van Blaricom states in his report that his use of certain terms (such as objectively reasonable and deliberately indifferent) merely reflects his training and does not presume or imply a statement of legal opinion.

Notably, just because the expert states that he is not giving a legal opinion does not make it so. An ultimate issue of fact is not the same thing as a legal conclusion, and legal conclusions remain objectionable in expert reports. See Peterson v. City of Plymouth, 60 F.3d 469, 475 (8th Cir. 1995)(finding that allowing police practices expert to opine regarding the reasonableness of officers' actions and that the officers did not violate the Fourth Amendment was an abuse of the district court's discretion); Williams v. Wal-Mart Stores, Inc., 922 F.2d 1357, 1360 (8th Cir. 1990) (citing Hogan v. AT&T, 812 F.2d 409, 411 (8th Cir. 1987)) (finding that although testimony is not objectionable merely because it embraces an ultimate issue to be decided by the trier of fact, "a trial court may, however, exclude opinion testimony if it is so couched in legal conclusions that it supplies the fact finder with no information other than what the witness believes the verdict should be").

Again, even after giving plaintiff the opportunity to file an amended expert report, the section of the report prepared by Mr. Van Blaricom that is relevant to the specific matters asserted in this lawsuit (¶ 11) provides little more than a brief recitation of facts in a light favorable to plaintiff, quotations from the PPCT Manual (the relevance of which was not

7

demonstrated in Van Blaricom's report), misleading/incomplete quotations (¶¶ 11(b) and (c)), and impermissible legal conclusions.  The Court cannot allow this testimony into evidence in the case, as it is not helpful to the finder of fact; therefore, defendant's second motion to strike (Doc. No. 151) is **GRANTED.**  D.P. Van Blaricom is precluded from testifying at trial.

    **IT IS SO ORDERED.**

                                          /s/ FERNANDO J. GAITAN, JR.
                                          Fernando J. Gaitan, Jr.
                                          Chief United States District Judge

Dated: 6/18/07     .
Kansas City, Missouri.